IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-378-BO

| | | |
|---|---|---|
| ALEXEI BYKHOVSKI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NEUROCOG TRIALS, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, *pro se*, has responded, defendant has replied, and the motion is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiff filed this action alleging that defendant failed to employ him and that its conduct was discriminatory on the basis of plaintiff's sex (male) and age pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). 42 U.S.C. §§ 2000e, *et seq.*; 29 U.S.C. §§ 621, *et seq.* Plaintiff alleges that he is a fifty-two year old male U.S. scientist and engineer of Russian origin and that he is fluent in English and Russian with the capability to perform both oral and written translations. Plaintiff alleges that in March 2013 he applied for a data monitor position with defendant. In October 2013, defendant selected plaintiff's wife, who had also applied, to interview for the same position; plaintiff was not selected to interview for the data monitor position. Plaintiff alleges that defendants

discriminated against him on the basis of his sex and age when they did not select him for an interview.[1]

Defendant's business includes the provision and development of neurocognitive assessment products. The data monitor position involves consulting with the pharmaceutical and academic communities and providing assessment expertise for scoring and reviewing data for test batteries. Gadigan Decl. ¶ 6. In selecting candidates to interview for the data monitor position, defendant considered the following non-exhaustive criteria: a high level of foreign language skill, time management skills, the ability to strictly follow templates and well-defined rules, the ability to work well and interact with people, the ability to teach, train, or easily explain concepts, and knowledge of or experience in psychology or related fields. *Id.* at ¶ 14. These skills might be indicated by work or educational experience in accounting, teaching, human resources, and social work. *Id.*

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[1] In his opposition to the motion for summary judgment, plaintiff appears to attempt to re-characterize his complaint to include a claim for disparate treatment. This plaintiff cannot do. *See e.g. Swann v. Source One Staffing Solutions*, 778 F. Supp. 2d 611, 622 (E.D.N.C. 2011) (citing *Barclay White Skanska, Inc. v. Battelle Meml. Inst.*, 262 Fed. App'x 556, 563 (4th Cir. 2008)(unpublished)).

2

U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Title VII prohibits covered employers from, *inter alia*, failing or refusing to hire someone because of that person's sex. 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence of discrimination, a plaintiff must first establish a prima facie case of discrimination. *Bryant v. Bell A. Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If the plaintiff is successful, the burden shifts to the employer to articulate a non-discriminatory reason for the treatment; if the employer articulates such a reason, the burden shifts back to the plaintiff to demonstrate that the employer's proffered basis is mere pretext. *Id.* In order to establish a prima facie case of employment discrimination for failure to hire, a plaintiff "must show by a preponderance of the evidence that (1) she is a member of a protected class; (2) her employer had an open position for which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996) (further discussing the *McDonnell-Douglas* burden shifting analysis and noting that a plaintiff always bears the burden of demonstrating that an employer engaged in intentional discrimination).

First, plaintiff's limitation of his complaint to the defendant's failure to interview him but choosing to interview his wife is fatal to his claim; by limiting his claim in such a way he cannot show that he suffered any adverse employment action due to defendant's failure to hire him because defendant did not ultimately hire plaintiff's wife. *See e.g. Hall v. Bausch & Lomb, Inc.*, CIV.A. DKC 10-0215, 2012 WL 3536755, at *9 (D. Md. Aug. 13, 2012) (noting that while a failure to interview claim generally encompasses a claim for failure to hire or promote, where plaintiff had expressly limited her claim to defendant's choosing to interview two other candidates who were not ultimately hired, plaintiff could not prevail on her claim as she suffered no adverse employment action).

However, even assuming, *arguendo* and without deciding, that plaintiff could successfully demonstrate a prima facie case of sex discrimination, he has plainly failed to rebut defendant's articulated legitimate reasons for declining to interview him. Defendant has put forth numerous bases for not interviewing plaintiff, including his lack of *relevant* educational or professional experience and its dissatisfaction with plaintiff's resume presentation. Specifically, defendant proffers that plaintiff's resume "gave no indication of any degree or educational experience in psychology or any other related social sciences field and by containing seven pages of disorganized and difficult to follow and understand material gave an impression of lack of organization skills and attention to detail . . .." Gadigan Decl. ¶ 23.

Though plaintiff vehemently disagrees with defendant's assessment of his resume and applicability of his professional experience, defendant correctly notes that plaintiff's "perception of himself, however, is not relevant. It is the perception of the decision maker which is relevant." *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980). Nor are plaintiff's perception of his wife's qualifications or the perceptions of plaintiff's son and former colleague germane to the inquiry. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). The only evidence of pretext

4

proffered by plaintiff is his own speculation that the data monitor position would not present any difficulty for him, and this is simply insufficient to survive a motion for summary judgment. *See id.* ("employee must present evidence reasonably calling into question the honesty of his employer's belief; employee's mere demonstration that his employer's belief may be incorrect is not sufficient to prove discrimination.") (citation omitted).

Plaintiff has similarly failed to proffer sufficient evidence to survive defendant's motion as to his ADEA claim. The ADEA makes it unlawful for an employer to "fail or refuse to hire . . . any individual . . . because of [that] individual's age." 29 U.S.C. § 623(a)(1). "The ADEA plaintiff may prove age discrimination in one of two ways: by proving a prima facie case of age discrimination, which establishes a rebuttable presumption that the employer violated the ADEA; or by offering direct or circumstantial evidence of an employer's discriminatory animus." *Arthur v. Pet Dairy*, 593 Fed. App'x 211, 216 (4th Cir. 2015)(unpublished) (internal quotation and citation omitted). To succeed on an ADEA claim, a plaintiff must ultimately show that age was the but-for cause of his employer's decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

While plaintiff is a member of the protected class, aged forty or older, and even assuming that plaintiff could prove a prima facie case of age discrimination, plaintiff has proffered no evidence which would demonstrate that age was the but-for cause of defendant's decision not to interview him. Defendant has stated that plaintiff's age was not identified on his resume or application and that no effort was made to try to determine his age based on other information provided. Gadigan Decl. ¶ 26; Alexander Decl. ¶ 11. Plaintiff contends that defendant's allegations that his resume is disorganized and long are properly understood as age-related discrimination because plaintiff has worked for too long, in contrast to recent graduates' resumes which are always well-organized and short because they have little or nothing to write about.

5

[DE 22 at 28]. Plaintiff further notes his "top-notch communication skills, organizational skills and attention to detail" as the reasons why he believes that defendant disqualified him without a legitimate reason. *Id.* As discussed above, however, plaintiff's own perceptions about his abilities and the reasons for defendant's decision not to interview him are insufficient to rebut defendant's stated legitimate reasons. Because plaintiff has not proffered any evidence with sufficient probative value upon which the Court could infer that plaintiff's age was the but-for reason defendant chose not to interview him, summary judgment is appropriate in defendant's favor. *See Ramos v. Molina Healthcare, Inc.*, 603 Fed. App'x 173, 180 (4th Cir. 2015)(unpublished) (citation omitted).

## CONCLUSION

For the foregoing reasons, defendant's motion summary judgment [DE 16] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 21 day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE